# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5496 | **DATE** | 11/18/2003 |
| **CASE TITLE** | PENN, LLC vs. NEW EDGE NETWORK | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  New Edge's motion for attorneys' fees and costs [17-1] is denied. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 2 0 2003 date docketed | |
| | Notified counsel by telephone. | U.S. DISTRICT COURT CLERK | | |
| | Docketing to mail notices. | | docketing deputy initials | 20 |
| | Mail AO 450 form. | 03 NOV 20 AM 12:14 | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING E-D | 11/18/2003 date mailed notice | |
| CB | courtroom deputy's initials | Date/time received in central Clerk's Office | PW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PENN, LLC, )
)
        Plaintiff, ) No. 03 C 5496
)
v. ) Suzanne B. Conlon, Judge
)
NEW EDGE NETWORK, INC., )
)
        Defendant. )

**DOCKETED**
**NOV 2 0 2003**

## MEMORANDUM OPINION AND ORDER

In this diversity action, Penn, LLC (Penn Media) sued New Edge Network, Inc. (New Edge) for tortious interference with prospective business relations, tortious interference with economic advantage, and fraud. Penn Media's contract with New Edge contained a forum selection clause that required all suits involving interpretation of the contract to be brought in Clark County, Washington. Penn Media's claims were dismissed pursuant to Fed. R. Civ. P. 12(b)(3). *See Penn, L.L.C. v. New Edge Network*, 03 C 5496, 2003 WL 22284207, *1 (N.D.Ill. Oct. 3, 2003). New Edge seeks costs and attorney's fees in the amount of $21,871.76 pursuant to Fed. R. Civ. P. 54(d).

## DISCUSSION

Rule 54 entitles a prevailing party to costs, and in some cases, attorneys' fees. New Edge contends it is a prevailing party within the meaning of Rule 54 and pursuant to its service agreement with Penn Media, it is entitled to attorneys' fees incurred in enforcing the forum selection clause. Fed. R. Civ. P. 54(d)(2). The agreement provides that "the prevailing party shall be entitled to recover its costs including reasonable attorneys' fees." Bill of Costs, Ex. A at ¶ 15. Penn Media argues an involuntary dismissal for improper venue is not an adjudication on the merits pursuant

1

20

Federal Rule of Civil Procedure 41(b), and therefore New Edge is not a prevailing party entitled to costs and attorneys' fees under Rule 54(d). Alternatively, Penn Media contends even if New Edge is a prevailing party, the court has already ruled that venue is improper in the Northern District of Illinois and an award of attorneys' fees pursuant to the service agreement is precluded by the prior ruling. New Edge failed to file both an itemized bill of costs and a joint statement pursuant to Local Rule 54.3.

**1. Prevailing Party**

Penn Media contends New Edge's procedural victory does not make it a prevailing party entitled to attorneys' fees under Rule 54(d). Penn Media argues New Edge is not a prevailing party unless it achieves success on the merits. Penn Media believes because the action was dismissed without prejudice for improper venue, New Edge did not succeed on the merits. The argument is two-fold. First, Penn Media contends any dismissal pursuant to Rule 41(b) for violation of the federal rules – in this case venue – is without prejudice, unless otherwise specified. Unless the court explicitly states otherwise, a dismissal for improper venue under Rule 41(b) is not an adjudication on the merits.

There is a dearth of authority on the precise question whether a party who successfully procures dismissal of an action on the basis of a forum selection clause is a prevailing party. In a situation where a party has claimed victory by virtue of procedural dismissal, this court found the victor was not a prevailing party for purposes of fee-shifting. *See Lichtenheld v. Juniper Features, Ltd.*, No. 94 C 4385, 1996 WL 685443, *2-3 (N.D.Ill. Nov. 21, 1996) (dismissal for lack of personal jurisdiction meant defendants were not prevailing parties). On the other hand, there can be no doubt that New Edge successfully enforced a provision of the contract, holding Penn Media to its bargain

2

and entitling New Edge to litigate in its home forum. This is more than merely a tactical victory. *Cf. Linda W. v. Indiana Dept. of Educ.*, 200 F.3d 504, 507 (7th Cir. 1999) ("to prevail in litigation one must win on the merits, and not just score tactical victories in interlocutory skirmishes"). Nevertheless, New Edge remains in jeopardy. Penn Media is free to file a new action in the proper venue. This fact suggests that New Edge is not the prevailing party after all, because it failed to accomplish a defendant's primary goal in litigation: a determination of non-liability on the merits. A determination of New Edge's status is unnecessary because alternative considerations bar recovery. New Edge's prior conduct and its failure to comply with Local Rule 54.3 preclude enforcement of the contractual right to attorneys' fees in this court.

## 2. Local Rule 54.3

Local Rule 54.3 requires prevailing parties seeking attorneys' fees to confer with opposing counsel in an attempt to amicably settle disputes as a prerequisite to filing a motion for fees. *See The Long Company v. Hawaii Baking Co.*, No. 02 C 3082, 2003 WL 262421, *1 (N.D.Ill. Jan. 29, 2003) (Local Rule 54.3 applies to all motions for attorneys' fees). Before filing a motion for attorneys' fees, the parties are required to submit a joint statement listing the fees, hourly rates, and the scope of the parties' disagreement. This process encourages efficient resolution of fee disputes without taxing judicial resources. *Id.*; *see also* Fed. R. Civ. P. 54(d)(2)(D) (authorizing courts to establish local rules to limit evidentiary hearings). Parties are required to file a joint statement even when the fee motion is brought pursuant to a contractual fee-shifting provision. *See Gentieu v. Tony Stone Images/Chicago, Inc.*, No. 00 C 269, 2003 WL 22048059, *1 (N.D.Ill. Aug. 29, 2003). New Edge has failed to comply with these requirements.

New Edge's motion for attorneys' fees relies on the service agreement. *See* Bill of Costs, Ex. A at ¶ 15; *see also Zeidler v. A & W Restaurants, Inc.*, No. 99 C 2591, 2001 WL 561367, *2 (N.D.Ill. May 21, 2001) (determination of reasonable fees is a question of contractual interpretation). The affidavit New Edge includes in the fee petition adequately identifies the amount of fees sought, but it does not provide the itemization necessary to award attorneys' fees or costs required by Local Rule 54. Determining whether New Edge's legal bills are reasonable is problematic without information concerning the number of hours billed, the rate and whether the fee was paid. *See id.* at *2 (client's payment of fees best indicator of fee reasonability). Failure to observe the requirements of Local Rule 54.3 bars New Edge's motion for costs and attorneys' fees. *See* Local Rule 54.3(b); *Helms v. Local 705 Int'l Brotherhood of Teamsters Pension Plan*, No. 97 C 4788, 2002 WL 356516, *3 (N.D.Ill. March 6, 2002); *The Long Company*, 2003 WL 262421 at *1 (barring recovery of attorneys' fees for failure to comply with Local Rule 54.3); *see also Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 526 (7th Cir. 2000) (requiring strict compliance in the context of summary judgment statements that accomplish similar goals); *Rodriguez v. Ithal*, 2003 WL 22284202, *1-3 (N.D.Ill. Oct. 2, 2003) (failure to provide adequate documentation barred recovery of costs).

### 3. Judicial Estoppel

Even if New Edge's failure to comply with Local Rule 54 were excused, this court's prior decision that enforcement of the service agreement is improper in this venue bars its motion for fees. When a party prevails on one legal or factual ground in a lawsuit, it cannot later repudiate that position in subsequent matters based on the same underlying facts. *See Moriarty v. Svec*, 233 F.3d 955, 962 (7th Cir. 2000); *New Hampshire v. Maine*, 532 U.S. 742, 749-50, 121 S.Ct. 1808 (2001)

(party who assumes a position in a legal proceeding, and succeeds in maintaining that position, may not thereafter assume a contrary position simply because its interests have changed). "This rule, known as judicial estoppel, 'generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.'" *New Hampshire*, 532 U.S. at 749-50, 121 S.Ct. 1808; 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4477, p. 782 (1981) ("absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory"). Judicial estoppel, while similar to issue and claim preclusion, is a discrete doctrine. Its purpose is to prevent parties from deliberately shifting positions when their needs change – thus precluding parties from playing fast and loose with the rules. *New Hampshire*, 532 U.S. at 750, 121 S.Ct. at 1814-5, *citing Scarano v. Central R. Co.*, 203 F.2d 510, 513 (3d Cir. 1953); *In re Cassidy*, 892 F.2d 637, 641 (7th Cir. 1990).

No uniform rule governs the applicability of judicial estoppel; it is enough that the balance of equities tips in favor of barring presentation of the inconsistent position. *New Hampshire*, 532 U.S. at 750, 121 S.Ct. at 1814-5. However, there are several important factors to consider when invoking the doctrine. First, the party's position must be clearly inconsistent with its earlier stance. *Id.* Second, the court must have accepted the earlier position such that acceptance of the contrary position creates the perception that the court was misled or introduces a risk of inconsistent court determinations that threatens judicial integrity. *Id.* at 751. A third consideration is whether the inconsistent position imposes an unfair burden on the opposing party. *Id.*

Considering these factors, New Edge is barred from enforcing its fee-shifting agreement in this court. In its motion to dismiss, New Edge asserted any action requiring interpretation or

application of the service agreement was subject to a mandatory forum selection clause contained in the service agreement that established exclusive venue in Clark County, WA for all contract disputes. This court agreed, holding that Penn Media's tort claims necessitated interpretation of the contract and were therefore subject to the forum selection clause. *See Penn,* 2003 WL 22284207 at *1. New Edge now contends its agreement with Penn Media entitles it to attorneys' fees as the prevailing party. Whether New Edge is a prevailing party is an issue in dispute. However, where the right to an award of attorneys' fees is contractual, the amount of fees to which a party is entitled constitutes a question of contract interpretation. *Bowles v. Quantum Chem. Co.*, 266 F.3d 622, 636 (7th Cir. 2001). In this case, resolution of the fee dispute requires interpretations of multiple terms in the contract. A court must answer the threshold question of whether New Edge's motion to dismiss was an action to enforce the contract that is eligible for reimbursement under the fee-shifting agreement. *See, e.g., Harter v. Iowa Grain Co.*, 220 F.3d 544, 559-60 (7th Cir. 2000). Whether New Edge's procedural victory makes it a prevailing party also requires interpretation of the contract.[1] A determination of whether New Edge's legal bills are reasonable is also necessary. *See, e.g., Balcor Real Estate Holdings v. Walentas-Phoenix Corp.*, 73 F.3d 150, 153 (7th Cir. 1996) (best measure of reasonability is whether the party seeking to recover fees actually paid its lawyer). New Edge's attempt to enforce the contract squarely conflicts with the tack taken earlier in the litigation:

---

[1] *See e.g., Linda W. v. Indiana Dept. of Educ.*, 200 F.3d 504, 507 (7th Cir. 1999) ("to prevail in litigation one must win on the merits, and not just score tactical victories in interlocutory skirmishes"); *First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1014-15 (7th Cir. 1985) (meaning of prevailing party in contract mirrors meaning in Rule 54(d), therefore when a defendant secures dismissal, it is the prevailing party); *Alliance to End Repression v. City of Chicago*, No. 74 C 3268, 2000 WL 1367999, *3-4 (N.D.Ill. Sept. 21, 2000) (under 42 U.S.C. § 1988, a plaintiff is entitled to attorneys' fees when it succeeds on any significant issue because public policy favors civil rights enforcement).

the forum selection clause relegates any action necessitating interpretation of the contract to the exclusive venue of Clark County, WA.

Application of the contract in this situation would undermine the policy behind enforcement of forum selection clauses. *See Penn,* 2003 WL 22284207 at *1-2. Under these circumstances, judicial estoppel is appropriate. New Edge is precluded from relying on the contract in this fee motion. Absent the contractual provision entitling it to recover its attorneys' bills, New Edge's motion is insufficient under Rule 54(d).

## CONCLUSION

New Edge must seek contractual remedies in the proper forum. New Edge failed to file a bill of costs. Furthermore, its request for attorneys' fees pursuant to Fed. R. Civ. P. 54(d) is inadequate. Local Rule 54.3 modifies the cost recovery scheme, necessitating the filing of a joint statement as well as adequate documentation of costs incurred in the litigation when a party seeks attorneys' fees pursuant to an agreement. Alternatively, New Edge's reliance on the contract signals an impermissible shift in tactics. The equitable principle of judicial estoppel precludes New Edge from taking an action in a forum it previously contended was barred by the forum selection clause. Accordingly, New Edge's motion for attorneys' fees is denied.

November 18, 2003

ENTER:

Suzanne B. Conlon
United States District Judge